UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| FREDERICK FREEHOFF, ) | |
| ) | |
| ) | Civil Action No. 13-256-KKC |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| FRANCISCO J. QUINTANA, *Warden*, ) | |
| ) | |
| Respondent. ) | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Frederick Freehoff ("Freehoff") is an inmate confined in the Federal Medical Center in Lexington, Kentucky. Proceeding *pro se*, Freehoff has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the imposition of an enhanced sentence under the provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(c)(1)(A), and he has paid the $5.00 filing fee.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Freehoff's petition under a more lenient standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003),

accepts his factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the petition, the Court must deny it because Freehoff can not pursue his claims under 28 U.S.C. § 2241.

## BACKGROUND

On September 17, 2007, in the United States District Court for the Eastern District of Pennsylvania, Freehoff pled guilty to a charge of conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. *See United States v. Frederick Freehoff,* No. 2:07-CR-0075-HB (E. D. Pa. 2007) [R. 171, therein] On January 28, 2008, the district court sentenced Freehoff to a prison term of 180 months, followed by supervised release for life. *Id.* [R. 246, therein]

Freehoff did not appeal his conviction or sentence, and he did not collaterally attack his conviction or sentence by filing a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.

On August 12, 2013, Freehoff filed the present habeas petition.

## CLAIMS ASSERTED IN § 2241 PETITION

Freehoff claims that the district court erred by sentencing him as a "career offender" in that his prior Pennsylvania state court conviction for burglary did not qualify as a predicate offense which would have supported his being classified as a "career offender" for purposes of sentencing enhancement. He also claims that his conviction is constitutionally invalid and that the drug quantity in his case did not meet the threshold amount required by 21 U.S.C. § 841

2

(b)(1)(A). For relief, Freehoff requests that he be resentenced. Freehoff contends that he is entitled to proceed with these claims in a habeas petition filed under 28 U.S.C. § 2241 because 28 U.S.C. § 2255 is "inadequate and ineffective to test the fundamental legality of the petitioner's detention . . ." [R. 1, p. 3]

## ANALYSIS

Freehoff is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Freehoff challenges the legality of his sentence on constitutional grounds. Title 28 U.S.C. § 2241 is not the proper mechanism for making the claims raised herein. As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence, *i.e.*, the Bureau of Prisons' calculation of sentence credits or other issues affecting the length of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The United States Court of Appeals for the Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted).

Thus, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *Anderson v. Hogsten*, 487 F. App'x, 283, 2012 WL 5278595 **1 (6th Cir. Oct. 26, 2012) (Unpublished); *Terrell v. United States*, *supra*.

Freehoff is precluded from seeking habeas relief in this Court unless he can satisfy § 2255's "savings clause." That provision allows a prisoner to challenge the validity of his sentence in a § 2241 petition if he can demonstrate that the § 2255 "remedy by motion is inadequate or ineffective to test the legality of his detention." § 2255(e). This is "rigorous showing." *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). The § 2255 remedy is not considered "inadequate or ineffective" merely because the prisoner raised a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 756-58 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002); *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002). Rather, to take advantage of the savings clause, a petitioner must "make a showing of actual innocence." *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003).

In this petition, Freehoff challenges his classification as a "career offender" for sentencing purposes; he contends that his state court conviction of burglary in Pennsylvania did not qualify as a predicate offense because it was not a burglary of a "dwelling." On this basis, he asserts that he is "actually innocent" of being a "career offender" for sentencing enhancement purposes. He also argues that his conviction is constitutionally invalid and that the drug quantity in his case did not meet the threshold amount required by 21 U.S.C. § 841 (b)(1)(A). Regardless, Freehoff

4

does not claim that he is actually innocent of the underlying drug offense to which he pled guilty. In other words, he has not alleged that he "stands convicted of 'an act that the law does not make criminal.'" *Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139, at *3 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241."); *see also Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012); *Hodgson v. Warren*, 622 F.3d 591, 601 (6th Cir. 2010) ("[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).

This Court has rejected claims brought by § 2241 petitioners alleging improper sentence enhancements based upon prior state convictions, and the Sixth Circuit has approved that approach. *See Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (stating that allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause); *Thornton v. Ives*, No. 6:11-CV-35-GFVT, 2011 WL 4586917, at *3 (E.D. Ky. Sept. 29, 2011), *aff'd*, No. 12-5051 (6th Cir. Sept. 11, 2012) (same); *Johnson v. Cauley*, No. 09-52-HRW (E.D. Ky. 2009), *aff'd*, No. 09-5991 (6th Cir. July 9, 2010) (same).

Because Freehoff has not shown that he is actually innocent of the underlying offense for which he was convicted under 21 U.S.C. § 841(b)(1)(A) or that a retroactively applicable Supreme

5

Court decision affords him relief, by entitling him to be resentenced as a non-career offender, the savings clause of § 2255 does not apply. Freehoff's § 2241 petition will be denied, and this action will be dismissed. Nevertheless, Freehoff still has the option of seeking relief from the trial court via the belated filing of a § 2255 motion.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Frederick Freehoff's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered this date in favor of the Respondent.

This January 9, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY